UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXWELL STORM, | ) 1:05-CV-00576-SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING MOTION FOR |
| | ) ATTORNEY'S FEES PURSUANT TO 42 |
| v. | ) U.S.C. § 406(B)(DOC. 22) |
| | ) |
| MICHAEL J. ASTRUE, | ) ORDER DIRECTING COUNSEL TO |
| Commissioner of Social | ) REIMBURSE PLAINTIFF $1,300.00 |
| Security, | ) REPRESENTING PREVIOUSLY AWARDED |
| | ) EAJA ATTORNEY'S FEES |
| Defendant. | ) |
| | ) |

Pending before the Court is the motion of Plaintiff's counsel, Denise Bourgeois Haley, of the office of Lawrence D. Rohlfing, filed on January 3, 2007, for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

Plaintiff prevailed in his action against the Commissioner,[1] filed on April 21, 2003, seeking review of a decision of the Social Security Administration (SSA) denying him benefits under Title XVI of the Social Security Act. By order dated November 29,

---

[1] Michael J. Astrue is substituted for his predecessor as Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

1

2005, the Court ordered pursuant to the parties' stipulation that the matter be remanded pursuant to 42 U.S.C. § 405(g), sentence four, for the purpose of offering Plaintiff a new hearing and decision after obtaining vocational expert testimony to determine whether Plaintiff was capable of performing other work in the national economy. No briefs had been filed. On February 6, 2006, pursuant to a stipulated order, the Court awarded Plaintiff attorney's fees and expenses under the Equal Access to Justice Act (EAJA) in the amount of $1300.00. The order stated that it was a compromise settlement of Plaintiff's request for EAJA fees and did not constitute any admission of liability. The stipulated order stated that the amount "represented compensation for legal services rendered on behalf of plaintiff by plaintiff's attorney in connection with this civil action for services performed before the district court in accordance with 28 U.S.C. § 2412(d)." It further recited that it constituted a compromise settlement of Plaintiff's request for EAJA attorney's fees that barred any further application for fees under the EAJA. The stipulation and order expressly provided:

> The settlement of plaintiff's claim for EAJA attorney fees does not preclude plaintiff's counsel from seeking attorney fees under 42 U.S.C. 406 of the Social Security Act, subject to the offset provisions of the law.

(Order p. 2.)

On January 18, 2007, Defendant filed a statement in response in which it took no position as to whether the requested fee was reasonable but noted various factors to be considered by the Court. Plaintiff filed a reply on January 25, 2007.

////

2

I. <u>Background</u>

When the case was remanded to the agency, the Commissioner granted Plaintiff's application, entitling her to receive approximately $39,744.00 in retroactive benefits pursuant to Title XVI. Twenty-five percent, or $9,936.00, was withheld; $3,316.00 was previously paid from the SSI back pay to subsequent counsel who served at the administrative level upon remand, leaving $6,620.00 for § 406(b) purposes.

The attorney-client representation agreement between Plaintiff and his counsel that was submitted with the motion for fees provides that if the matter required judicial review of any adverse decision of the SSA, the fee for successful prosecution of the matter is a separate twenty-five per cent of the back pay awarded upon reversal of any unfavorable ALJ decision for work before the Court. (Decl. of Denise Bourgeois Haley, Ex. 1 ¶ 4.) It also provides that the client is to pay all costs. (<u>Id.</u> ¶ 5.)

Counsel requests a fee of $6,620.00 pursuant to 42 U.S.C. § 406(b) for 4.1 hours of attorney time and 6.8 hours of paralegal time before this Court, and an order directing counsel to reimburse Plaintiff with $1300.00, representing the previously awarded amount of EAJA fees. Thus, a net fee of $5,320.00 is sought.

II. <u>Analysis</u>

   A. <u>Legal Standards</u>

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition

3

```
         to any costs awarded pursuant to subsection (a),
         incurred by that party in any civil action (other than
         cases sounding in tort), including proceedings for
         judicial review of agency action, unless the court finds
         that the position of the United States was substantially
         justified or that special circumstances make an award
         unjust.
```

With regard to the Social Security Act's provision for attorney's fees for services rendered in connection with judicial review of the administrative proceedings, 42 U.S.C. § 406(b) provides:

```
         (b) Attorney fees

         (1)(A) Whenever a court renders a judgment favorable
         to a claimant under this subchapter who was represented
         before the court by an attorney, the court may determine
         and allow as part of its judgment a reasonable fee
         for such representation, not in excess of 25 percent
         of the total of the past-due benefits to which the
         claimant is entitled by reason of such judgment, and
         the Commissioner of Social Security may, notwithstanding
         the provisions of section 405(i) of this title, but
         subject to subsection (d) of this section, certify
         the amount of such fee for payment to such attorney
         out of, and not in addition to, the amount of such
         past-due benefits. In case of any such judgment, no
         other fee may be payable or certified for payment
         for such representation except as provided in this
         paragraph.

         (B) For purposes of this paragraph--

         (i) the term "past-due benefits" excludes any benefits
         with respect to which payment has been continued
         pursuant to subsection (g) or (h) of section 423 of
         this title, and

         (ii) amounts of past-due benefits shall be determined
         before any applicable reduction under section 1320a-6(a)
         of this title.

         (2) Any attorney who charges, demands, receives,
         or collects for services rendered in connection with
         proceedings before a court to which paragraph (1) of
         this subsection is applicable any amount in excess of
         that allowed by the court thereunder shall be guilty of
         a misdemeanor and upon conviction thereof shall be
         subject to a fine of not more than $500, or imprisonment
         for not more than one year, or both.
```

4

Section 406(b) fees became available for past-due benefits awarded on Title XVI claims brought to judgment on or after February 28, 2005. Social Security Protection Act of 2004, Pub. L. No. 108-23, § 302, 118 Stat. 493, 519-21 (2004) (amending 42 U.S.C. § 1383(d)(2), and providing that the amendments made by the section should apply with respect to fees for representation of claimants that were first required to be paid on or after the effective date). Here, the favorable determination reached by the SSA administrative law judge was rendered on August 23, 2006. (Decl. of Haley, Ex. 2.) Thus, there is a statutory entitlement to attorney's fees.

The attorney petitioning for an award of fees pursuant to § 406(b) bears the burden of showing that a claimed fee that was set by contract is reasonable for the services rendered. Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 1828 (2002). The fee agreement is entitled to significant weight, but even if the claimed fee is within the twenty-five percent limitation, the Court must independently assess the reasonableness of the contract. Id. To avoid a windfall for the attorney, recovery may be reduced because of the character of the representation, the results achieved, a disproportionately large award in comparison to the time expended, or any delay caused by the attorney. Id. Thus, the Court may require the claimant's attorney to submit a record of the hours spent on the case and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. Id.

B. Reasonableness of Fee

Movant's declaration and the summary of itemized hours (Ex.

4) establish that counsel expended 4.1 hours of attorney time and 6.8 hours of paralegal time. Counsel prepared a brief in support of voluntary remand and reviewed the file, the denial of the Appeals Council, the complaint, correspondence, various stipulations and orders, and the judgment. The time was reasonably expended. The hourly amount reflected on the billing summary reflects use of an hourly rate of $156.23, totaling $640.54 for the hours expended; it is accompanied by a reference to Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001) (a case predating Gisbrecht and discussing the lodestar approach to fee evaluation rejected by the Court in Gisbrecht, 535 U.S. at 806-07). However, counsel establishes in her declaration that her office does not have a set hourly rate for legal fees and does the vast majority of its work on a contingency. (Decl. at ¶ 6.) It is also established by declaration, and it is within the knowledge of the Court, that counsel's firm is an established and respected firm representing many Social Security claimants successfully over the years; it files a significant number of actions for people whose attorneys have withdrawn at the termination of the administrative process, and for people who lacked any representation at all before the agency. Further, attorney Haley has significant experience in Social Security law, having practiced it as an attorney since 1989. (Decl. ¶ 12, Ex. 9.)

    The summary of paralegal time reflects 6.8 hours of paralegal time recorded at $100.30 per hour. No further information regarding the precise rate for paralegal time in the office is set forth. However, counsel's declaration establishes

6

1  that the paralegal in question was the office's lead paralegal
2  with a certificate in paralegal training from Cerritos College
3  and almost seventeen years of paralegal work experience. Counsel
4  also establishes that awards to members of her firm in other
5  cases for paralegal work have compensated paralegal work at a
6  rate between $183.00 per hour and $322.00 per hour. Even if a
7  rate of $200.00, which would be at the very low end of the scale,
8  were adopted, almost $1400.00 would have to be subtracted from
9  the net award that counsel would otherwise receive, leaving
10 approximately $3920.00 upon which to base a calculation of any de
11 facto hourly rate for counsel's portion. The Court notes,
12 however, that there is no basis in the record to conclude that
13 the paralegal service should be compensated at a low rate, and
14 thus significantly less than $3920.00 would be available to
15 represent counsel's time on the matter.
16    With respect to counsel's service, there is no basis for a
17 conclusion that the character of the representation was anything
18 less than excellent. The Court notes that counsel's work was so
19 successfully focused and articulated that the Defendant agreed to
20 a remand before the case was even briefed, thus saving resources
21 not only of the parties but of the Court as well. The results
22 achieved appear to have been fully successful. It does not appear
23 that counsel caused any delay. Finally, the Court notes that
24 Defendant has not objected to the fee requested.
25    It does not appear that the award requested would be
26 disproportionately large award in comparison to the time
27 expended. Spending relatively few hours to achieve an award as
28 substantial as that in the present case is not necessarily

7

determinative. When the case was taken by counsel, the claimant had lost before the ALJ, and review had been denied by the Appeals Council; the Court is aware that it is the rare case where the merits of a case are certain. In addition, the Court notes the delay in payment necessarily anticipated and actually experienced by counsel.

Further, the Court is mindful that one goal of the governing fee statute is to ensure that claimants have access to representation by attorneys. Gisbrecht, 535 U.S. at 805-06. Attorneys willing to take a case that has already received unfavorable treatment at the agency are to be encouraged within the bounds of reason. Without the incentive of recovery of a maximum contingency fee, plaintiffs might go unrepresented or be forced to abandon their claims.

Defendant appears to suggest that the Court adopt a formula of permitting no more than twice the standard rate for such work in the relevant market. However, the appropriate starting point for determination of a reasonable fee for representation before the Court is not a lodestar type formulation; rather, the Court will determine whether the fee, which is acknowledged to be within the permissible twenty-five per cent of total recovery, is reasonable.[2] Gisbrecht, 535 U.S. at 792, 797-98, 808.

Here, considering all the pertinent factors, the Court

---

[2] A lodestar amount is based upon reasonable hours expended multiplied by a reasonable hourly rate, see, Allen v. Shalala, 48 F.3d 456 (9th Cir. 1995) (overruled by Gisbrecht), which may then be adjusted by considering various factors identified in Kerr v. Screen Actors Guld, Inc., 526 F.2d 67 (9th Cir. 1975), such as time and labor required, difficulty of questions involved, skill needed to perform the service and the experience, reputation and ability of the attorneys, preclusion of other employment, customary fee, whether the fee is fixed or contingent, time limits imposed by the client or circumstances, the amount involved and the results obtained, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

concludes that the fee, which is within the twenty-five per cent limit, is not unreasonable. When the components of the award and all the circumstances are considered, what could be considered a de facto hourly rate here does not differ significantly from cases those in which awards have been found to be reasonable. See, e.g., authorities cited concerning post-Gisbrecht decisions awarding the full amount of benefits in Ellick v. Barnhart, 445 F.Supp.2d 1166, 1170 (C.D.Cal. 2006); see Haley Decl. Ex. 12, Garrett v. Barnhart, No. CV-F-03-5497 LJO (1906), of which the Court will take judicial notice (approving a de facto hourly rate of $686.00). Further, the Court recognizes that there is little circuit court guidance in this area. See, Ellick, 445 F.Supp.2d at 1172. However, the Court anticipates that a significantly greater difference between the time expended and the amount awarded might warrant a contrary conclusion.

Therefore, the Court finds that the fees requested are reasonable.

### C. Offset of EAJA Award

The payment under the EAJA arises if the government's position in the litigation was not substantially justified, and the fee is determined by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d). The payment provided for under § 406(b)(1)(A) is payable out of, and not in addition to, the amount of the past-due benefits. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1820, 1822. Congress has harmonized fees payable by the government under the EAJA with fees payable under § 406(b) out of a Social Security claimant's past-due benefits. Fee awards may be made under both provisions, but the claimant's attorney must

refund to the claimant the amount of the smaller fee up to the point that the claimant receives one hundred per cent of the past-due benefits. Act of Aug. 5, 1985, Pub.L. 99080, § 3, 99 Stat. 186; Gisbrecht v. Barnhart, 122 S.Ct. at 1822.

Here, the fee of $6,620.00 provided for under the contract and § 406(b) must be reduced by the $1,300.00 previously awarded under the EAJA.

Accordingly, it IS ORDERED that the motion of Plaintiff's counsel for an award of $6,620.00 in fees IS GRANTED subject to a $1,300.00 offset to Plaintiff for the prior EAJA award, which counsel SHALL DELIVER FORTHWITH to Plaintiff.

IT IS SO ORDERED.

**Dated:   July 27, 2007**          /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE